**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**
**ASSOCIATE DIVISION**

| | |
|---|---|
| JACOB TOURIGNY,<br><br>    Plaintiff,<br><br>v.<br><br>DNF ASSOCIATES, LLC<br><br>Serve at:<br>Cogency Global, Inc.<br>9666 Olive Blvd., Ste 690<br>Saint Louis, MO 63132<br><br>    Defendant. | Cause No<br><br>Division<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**PETITION**

COMES NOW Plaintiff Jacob Tourigny ("Plaintiff"), by and through his undersigned counsel, and for his petition states as follows:

**INTRODUCTION**

1.  This is an action for actual and statutory damages brought to the Court by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.  Plaintiff demands a trial by jury on all issues so triable.

**JURISDICTION**

3.  This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as Defendants' collection activity was directed to Plaintiff at his residence in Missouri. Plaintiff

suffered the harms described herein in Missouri. Venue is proper in the City of St. Louis, Missouri for this reason.

## PARTIES

4. Plaintiff is a natural person currently residing in the City of St. Louis, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

5. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the alleged debt arose from consumer purchases of goods and services from Jared Galleria of Jewelry ("Jared").

6. Plaintiff has a bona-fide dispute as to the amount of the debt. While Plaintiff did purchase consumer goods and services at Jared, the balance being collected of $2951.75 is not accurate because, to the best of his knowledge, this amount greatly overstates any amount that could be due or owing to Defendants as Jared gave Plaintiff an altogether different product than what he ordered.  Plaintiff returned the product to Jared, who refused to exchange or replace it with the correct product.

7. Defendant's agent, Halsted Financial Services, LLC ("Halsted") is a foreign limited liability company with its principal place of business located outside the State of Missouri.

8. Defendant DNF Associates, LLC ("DNF") is a foreign limited liability company with its principal place of business located outside the State of Missouri.

9. At all times relevant, Halsted was directed, controlled by, and acted at the express instruction of Defendant to collect the subject debt. Specifically, Defendant DNF purchased the alleged debt and retained ownership of it while it directed Halsted to take the specific debt

collection tactics at issue in this suit. The collection letter at issue reflected that it was sent jointly by Halsted and Defendant DNF, and all other collection activity with respect to the subject debt was conducted at DNF's direction.

10. In the alternative, Halsted and Defendant DNF are co-agents.

11. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide; Defendant regularly attempt to collect debts alleged to be due to another entity.

12. Defendant is engaged in the collection of debts from consumers through means of using mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

## FACTS

13. On March 4, 2019, Defendant DNF filed suit against Plaintiff for collection of the alleged debt, Case Number 19L6-AC00211.

14. On October 10, 2019, Attorney Charles G. Markwell entered his appearance on behalf of Plaintiff.

15. Plaintiff paid attorney Markwell a substantial sum of money to defend DNF's lawsuit on the grounds that Plaintiff did not owe DNF any money whatsoever.

16. At this point, Defendant DNF knew with certainty Plaintiff was represented on the alleged debt.

17. Defendant's collection activity, of which Plaintiff disputes, occurred within the previous twelve (12) months.

18. After it knew Plaintiff was represented by counsel, on December 4, 2020, Defendant attempted to collect the alleged consumer debt from Plaintiff via mail by sending the

Electronically Filed - City of St. Louis - February 19, 2021 - 10:05 AM

initial collection letter to Plaintiff. Plaintiff received this initial collection letter on or about December 14, 2020, which stated a balance of $2,951.75.

19. Plaintiff believed the balance to be suspicious for the reasons stated above.

20. This was a direct attempt to collect the debt directly from Plaintiff and to bypass Plaintiff's retained counsel. Defendant was well aware that Plaintiff was represented on the subject debt and was still attempting to collect directly from Plaintiff.

21. Shortly after receiving the initial collection letter, on approximately January 15, 2021, Plaintiff called Defendant to dispute the debt and remind them of his attorney representation on the alleged debt.

22. Defendant verified Plaintiff's identity and provided a balance of $3,951.75- this was another gross overstatement of the amount due.

23. In this attempt to collect the debt, Defendant made a misrepresentation by stating a significantly higher balance in the phone call than was stated in the initial collection communication. Either the balance in the letter, the balance in the phone call, or both incorrectly stated the balance due.

24. Despite knowing that Plaintiff was represented by an attorney on the alleged debt, Defendant continued to repeatedly attempt to get Plaintiff to pay the alleged debt by making numerous "settlement" offers and attempting to set Plaintiff up on a payment plan.

25. On February 14, 2021, Defendant sent yet another collection letter directly to Plaintiff, once again bypassing Plaintiff's counsel in an attempt to collect payment directly from Plaintiff.  During this time, Defendant repeatedly continue to telephone Plaintiff in an effort to collect the debt.

Electronically Filed - City of St. Louis - February 19, 2021 - 10:05 AM

26. Defendant's conduct showed blatant disregard for Plaintiff's right to cause debt collection communications to stop upon notice of Plaintiff's representation on the alleged debt.

27. Defendant's above-described conduct has caused Plaintiff to incur actual damages including but not limited to attorneys' fees paid to his counsel, anxiety, frustration, and worry. Specifically, Plaintiff had paid his attorney a significant amount of money to serve as an intermediary between him and Defendant; Defendant was bound under the law to communicate with the attorney and not with Plaintiff.  When Defendant bypassed Plaintiff's attorney again and again, this deprived Plaintiff of the benefit of the large sum of money he paid to his attorney and greatly distressed Plaintiff.

28. Further, Defendant's above-described conduct has caused Plaintiff to suffer the following additional injuries in fact:

   a. Plaintiff has been deprived of his statutorily created right to truthful information about the debt, specifically that Defendants have reported different balances to Plaintiff; and

   b. Plaintiff was deprived of his statutory right to cause collection activity to cease upon notice of attorney representation.

29. The injuries in fact are fairly traceable to the challenged actions of Defendant in that Defendant engaged in the phone call with Plaintiff and sent the collection letters to Plaintiff.

30. Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

### COUNT I: VIOLATION OF THE FDCPA

31. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

Electronically Filed - City of St. Louis - February 19, 2021 - 10:05 AM

32. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

   a. Engaging in harassing, abusive, deceptive, misleading, unfair, and unconscionable conduct in the collection of a debt, including but not limited to refusing to acknowledge Plaintiff's right to counsel, by sending communications to Plaintiff after Defendant knew he was represented, and by "gaming" the balance of the debt to falsely and fraudulently increase it. 15 U.S.C. § 1692d-f; and

   b. Falsely representing the character, amount, or legal status of the alleged debts, specifically the fact that Plaintiff was not entitled to attorney representation on the debt and the amount of the debt as stated in the phone call. 15 U.S.C. § 1692e.

   c. Refusing to cease collection communications with Plaintiff once Defendants knew or should have known that Plaintiff was represented by counsel. 15 U.S.C. § 1692c.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

   A. Judgment that Defendant's conduct violated the FDCPA;

   B. Actual damages in an amount to be determined by the jury;

   C. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

   D. For such other relief as the Court may deem just and proper.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, #52046
2242 S Brentwood Blvd.
St. Louis, MO 63144
Phone: (314) 394-0605
Fax:    (636) 333-1212
rick@rossvoytas.com

Attorney for Plaintiff